An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-563

Filed 5 August 2026

Mecklenburg County, No. 22CVS019843-590

STREAM REALTY PARTNERS – CHARLOTTE, L.P., Plaintiff,

v.

LEVINE PROPERTIES, INC.; 8310 McALPINE, LLC; 8510-8514 McALPINE, LLC; 8600 McALPINE, LLC; and 8601 McALPINE, LLC, Defendant.

Appeal by Defendant from order entered 6 January 2025 by Judge Justin N. Davis in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 November 2025.

*Benjamin S. Chesson and Anna C. Majestro for Plaintiff-Appellee.*

*John R. Buric, Preston O. Odom, III, and John R. Brickley for Defendant-Appellant.*

PER CURIAM.

Defendant 8600 McAlpine, LLC, appeals from an order denying its motions for relief from judgment pursuant to Rule 60(b) and for a stay of execution pursuant to Rule 62(d). Defendant contends the trial court lacked jurisdiction to deny the motions, misapprehended the scope of its authority while a related appeal was

pending, and abused its discretion by refusing to modify a judgment to account for a pre-judgment payment of $160,048.00. We vacate the portion of the trial court's order denying Defendant's Rule 60(b) motion for lack of jurisdiction and affirm the denial of Defendant's Rule 62(d) motion.

## I.    Factual and Procedural Background

This appeal arises from a dispute concerning the amount of brokerage commission owed under an Exclusive Leasing Agreement ("Agreement") between Plaintiff Stream Realty Partners – Charlotte, L.P. ("Stream"), and Defendant. The underlying litigation involved the calculation of the commission owed under the Agreement. This appeal concerns only the trial court's denial of Defendant's motions for relief from judgment under Rule 60(b) and for a stay of execution under Rule 62(d).

Stream is a Texas limited partnership providing commercial real estate services in and around Charlotte, North Carolina. Daniel Levine owns and operates commercial real estate in Charlotte, including property within McAlpine Business Centre, through his managing company Levine Properties, Inc. ("LPI"). LPI is the manager of 8310 McAlpine, LLC; 8510-8514 McAlpine, LLC; 8600 McAlpine, LLC; and 8601 McAlpine, LLC.

On 10 August 2021, LPI entered into an Agreement with Plaintiff. Under the Agreement, Plaintiff served as the exclusive leasing broker for specified property within McAlpine Business Centre, and LPI agreed to refer prospective tenants to Plaintiff and pay commissions on qualifying leases.

On 16 August 2022, Defendant negotiated and executed a lease, through LPI, with DT Soccer without Plaintiff's involvement. After learning of the lease, Plaintiff asserted LPI and Defendant failed to notify Plaintiff of DT Soccer's inquiry, include Plaintiff in the lease negotiations, provide Plaintiff with a copy of the executed lease, and pay the commission required under the Agreement.

A few months later, Plaintiff filed suit alleging a single claim for breach of contract against LPI and LPI's managed properties in the McAlpine Business Centre, including Defendant. Although Defendant denied owing the commission amount sought by Plaintiff, it admitted Plaintiff was entitled to a commission of $160,048.00 and asserted it had offered to pay that amount.

The dispute centers on the proper calculation of the commission owed. The Agreement states that Plaintiff receives a commission equal to four percent of the "Basic Rental" payable during the first ten years of a lease if "no Registered Broker . . . is involved in leasing the Tenant Space in question," but only two percent if a "Registered Broker is involved in leasing the Tenant Space in question." The Agreement defines a "Registered Broker" as an outside broker that enters into a separate brokerage agreement with LPI or associated properties and "actively participate[s] in the negotiation of a Lease." The Agreement further defines "Basic Rental" as "all amounts payable by the tenant under a Lease throughout the initial term thereof, including (without limitation) all base rents and license fees," but expressly excludes, among other things, "parking rentals."

Defendant argued that a registered broker participated in the transaction and Plaintiff was entitled to only a two percent commission totaling $160,048.00. Plaintiff maintained that no registered broker was involved and that it was therefore entitled to a four percent commission calculated on the full lease value, including parking-rental revenues, totaling $333,769.78.

On 30 August 2023, Plaintiff moved for summary judgment. That same day, Defendant tendered a check for $160,048.00, representing the undisputed portion of the commission.

Following a hearing on 12 October 2023, the Honorable Alan Thornburg granted partial summary judgment in favor of Plaintiff regarding the breach, concluding that Defendant breached the Agreement by failing to notify Plaintiff of DT Soccer's inquiry. The court reserved the issue of damages for trial.

After a bench trial on 17 April 2024, the Honorable Reggie McKnight determined Plaintiff was entitled to a four percent commission calculated on a lease value of $8,344,244.45. Judge McKnight entered an order against Defendant awarding Plaintiff damages of $333,769.78, together with pre-judgment interest. The court also dismissed Plaintiff's claims against LPI with prejudice.

On 17 May 2024, LPI and the listed managed properties in the McAlpine Business Centre, including Defendant, appealed the judgment ("Appeal 1"). While the original appeal was pending, Plaintiff initiated collection efforts and filed

documents reflecting a partial satisfaction of judgment based on the $160,048.00 payment previously tendered by Defendant.

On 6 September 2024, Defendant moved for relief from judgment under Rule 60(b) and for a stay of execution under Rule 62(d), arguing that the judgment failed to account for the prior payment. Following a hearing, the Honorable Justin N. Davis denied both motions by order entered 6 January 2025. Defendant timely appealed the order.

## II.    Analysis

### A. Trial Court Lacked Authority to Rule on Defendant's Rule 60(b) Motion

It has long been established the "general rule that an appeal removes a case from the jurisdiction of the trial court, and, pending the appeal, the trial judge is *functus officio.*" *Bowen v. Hodge Motor Co.*, 292 N.C. 633, 635, 234 S.E.2d 748, 749 (1977). Although a pending appeal generally divests the trial court of jurisdiction over the judgment on appeal, a trial court retains limited authority to consider a Rule 60(b) motion in order to indicate the action it would be inclined to take if appellate jurisdiction were returned. *See Sink v. Easter,* 288 N.C. 183, 199−200, 217 S.E.2d 532, 542−43 (1975); *Bell v. Martin*, 43 N.C. App. 134, 140−41, 258 S.E.2d 403, 407−08 (1979), *rev'd on other grounds*, 299 N.C. 715, 264 S.E.2d 101 (1980). This Court has allowed trial courts to consider Rule 60(b) motions filed while an appeal is pending "for the limited purpose of indicating, by a proper entry in the record, how it would

be inclined to rule on the motion were the appeal not pending." *Bell*, 43 N.C. App. at 142, 258 S.E.2d at 409.

Here, Defendant argues, among other things, the trial court lacked jurisdiction to adjudicate the Rule 60(b) motion and therefore lacked authority to deny it. We agree.

Defendant's Rule 60(b) motion did not request an indicative ruling. Defendant asserted the trial court "may properly consider and resolve a Rule 60(b) motion while an appeal is pending in accordance with the jurisdictional relinquishment process enunciated in *Bell v. Martin*." However, the Defendant's prayer for relief requested the trial court "grant it the relief it seeks from the Findings/Conclusions Order and the Judgment in accordance with N.C.G.S. § 1A-1, Rule 60(b)(1), (5)-(6)." The motion sought substantive modification of the judgment and requested that the judgment amount be reduced to account for payments made before entry of judgment.

Defendant pursued a separate motion in this Court seeking relinquishment of jurisdiction for entry of an indicative ruling. Thus, Defendant simultaneously requested Rule 60(b) relief from the trial court while seeking appellate authorization for an indicative ruling procedure. This created an unusual procedural posture concerning the trial court's authority while Appeal 1 remained pending in this Court.

After this Court denied Defendant's relinquishment motion on 12 November 2024, the trial court entered its order denying the Rule 60(b) and Rule 62(d) motions. The order was not an indicative ruling. The order reflects the trial court "heard

arguments of counsel and received relevant case law from counsel" and then "took the matter under advisement for further review of the relevant pleadings, other matters of record, relevant case law, and to await the ruling of the Court of Appeals on Defendants' Motion to Relinquish Jurisdiction for Entry of an Indicative Ruling." Although Defendant contends the trial court denied relief "simply because" this Court denied relinquishment, the order itself contains no such indication. Rather than stating how it would be inclined to rule if jurisdiction was restored following the resolution of Appeal 1, the trial court entered a final order denying the requested relief.

The order may reflect the procedural posture created by Defendant's concurrent pursuit of Rule 60/62 relief in the trial court and a motion in this Court seeking relinquishment for an indicative ruling, but that posture did not confer jurisdiction to enter a substantive denial. Because Appeal 1 divested the trial court of jurisdiction, the trial court was without authority to enter a substantive ruling on Defendant's Rule 60(b) motion. The proper course was to decline to adjudicate the Rule 60(b) motion or to proceed only through the limited indicative ruling procedure. The order entered here, however, did not take that limited approach; instead, it purported to deny the motions outright. Accordingly, the trial court exceeded its authority, and its Rule 60(b) determination must be vacated.

Defendant raises additional arguments asserting the trial court misapprehended the law and abused its discretion in refusing to modify the judgment

to account for Defendant's pre-judgment payment of $160,048.00. Because we vacate the order on the ground the trial court lacked authority to enter a substantive ruling on the Rule 60(b) motion during the pendency of Appeal 1, we do not address Defendant's remaining arguments concerning the denial of the Rule 60(b) motion.

**B. Rule 62(d) Relief**

Rule 62(d) expressly provides, "[w]hen an appeal is taken, the appellant may obtain a stay of execution . . . by proceeding in accordance with and subject to the conditions of [N.C. Gen. Stat. §§ 1-289 through 1-295]," thereby authorizing the trial court to consider a motion for stay while an appeal is pending. N.C. R. Civ. P. 62(d) (2026). Because a motion for stay does not alter or affect the judgment under review, it remains within the trial court's authority notwithstanding the pendency of an appeal. *See Songwooyarn Trading Co. v. Sox Eleven, Inc.*, 219 N.C. App. 213, 217, 723 S.E.2d 569, 572 (2012) (recognizing the trial court retains jurisdiction over collateral matters that do not concern the subject matter of the appeal).

A trial court's ruling on a Rule 62 motion is reviewed for abuse of discretion. *N. Iredell Neighbors for Rural Life v. Iredell Cnty*, 196 N.C. App. 68, 78, 674 S.E.2d 436, 443 (2008). An abuse of discretion occurs when the trial court's ruling is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Long v. Harris*, 137 N.C. App. 461, 465, 528 S.E.2d 633, 635 (2000) (citation omitted). If the trial court makes a discretionary ruling based upon

a misapprehension of the applicable law, this is also an abuse of discretion. *Roark v. Yandle*, 283 N.C. App. 223, 229, 873 S.E.2d 27, 32 (2022).

Here, Defendant contends the trial court misapprehended the law or its own jurisdiction in denying the Rule 62(d) motion while Appeal 1 remained pending. The record does not support that argument. In contrast to the Rule 60(b) motion, which sought substantive modification of the judgment, Defendant's Rule 62(d) motion requested only a stay of execution pending appeal, a matter the trial court has jurisdiction to decide. The trial court's order contains no indication that it lacked authority to rule on the Rule 62(d) motion. Additionally, Defendant does not identify any language in the order demonstrating the denial resulted from a misunderstanding of the court's jurisdiction rather than an exercise of its discretion. Further, Defendant's argument does not challenge the merits of the denial of the stay or contend the trial court abused its discretion in declining to grant one. Instead, Defendant argues only that the trial court failed to recognize it possessed authority to rule on the motion. Because the record does not affirmatively demonstrate the trial court acted under a misapprehension of law or jurisdiction, we decline to presume error. Accordingly, Defendant has failed to show reversible error in the denial of its Rule 62(d) motion.

### III.   Conclusion

For the aforementioned reasons, we conclude the trial court lacked authority to deny Defendant's Rule 60(b) motion while the related appeal was pending;

therefore, we vacate that portion of the order. Because the trial court retained authority to deny Defendant's Rule 62(d) motion and Defendant has not shown reversible error, we affirm that portion of the order.

AFFIRMED IN PART, VACATED IN PART.

Panel consisting of Judges GRIFFIN, MURRY, and FREEMAN.

Report per Rule 30(e).